# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| NATIONSTAR MORTGAGES, LLC, et al.,<br>　　　Plaintiffs,<br><br>　　　v.<br><br>CAROLINE HOWARD, et al.,<br>　　　Defendants. | No. 3:19-cv-159 (SRU) |

## RULING ON MOTION TO REMAND

Plaintiffs Nationstar Mortgage, LLC ("Nationstar") and U.S. Bank initiated in Connecticut Superior Court this debt collection suit against defendants Caroline Howard ("Howard") and the Department of the Treasury-Internal Revenue Service ("IRS"). *See* Notice of Removal, Doc. No. 1. Howard removed the action to federal court on February 1, 2019. *Id.* Nationstar filed a Motion to Remand to State Court on March 14, 2019. Mot. to Remand, Doc. No. 8. For the following reasons, Nationstar's motion is **granted** and the case shall be remanded to state court.

As a threshold matter, Howard's Notice of Removal (Doc. No. 1) fails to comply with the procedural requirements for removal for two reasons: (1) it does not contain a "short and plain statement of the grounds for removal"; and (2) it does not contain "a copy of all process, pleadings, and orders served upon [the] … defendants in [the state court] action."[1] 28 U.S.C. § 1446(a). Because the Notice fails to identify the grounds for removal, it is unclear whether Howard seeks to remove the action based upon federal question jurisdiction or diversity jurisdiction. Under either theory, however, removal is not appropriate.

---

[1] Howard later provided the state court summons and complaint. Compl., Doc. No. 7.

With respect to federal question jurisdiction, the plaintiffs do not appear to be asserting a federal claim in their complaint.[2] *See* Compl., Doc. No. 7. Howard seems to be attempting to assert a counterclaim for violation of the Fair Debt Collection Practices Act. *See* Notice of Removal, Doc. No. 1. To the extent she relies upon that claim to assert federal jurisdiction, that too must fail because counterclaims cannot serve as the basis for federal jurisdiction. *See Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826, 831 (2002); *Aetna Health, Inc. v. Kirshner*, 415 F. Supp. 2d 109, 113 (D. Conn. 2006).

With respect to diversity jurisdiction, a defendant must remove the case within one year after the commencement of the state court action, "unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1). Here, Howard filed her Notice of Removal almost two years after the plaintiffs initiated the action against her and there is no evidence that the plaintiffs acted in bad faith to prevent removal.

Accordingly, the Motion to Remand (Doc. No. 8) is **granted**. The Clerk is directed to remand the case back to Superior Court and close the file.

So ordered.

Dated at Bridgeport, Connecticut, this 29th day of April 2019.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge

---

[2] The IRS is listed as a defendant in this matter which may subject the case to federal jurisdiction. *See* 28 U.S.C. § 1442(a)(1) ("A civil action … that is commenced in a State court and that is against or directed to [the United States or any agency thereof] may be removed by them to the district court[.]"); 28 U.S.C. § 1444 ("Any action brought [for foreclosure on a property on which United States has a lien] against the United States in any State court may be removed by the United States to the district court[.]"). Both statutory sections make clear, however, that removal is permissive, not mandatory, and must be sought by the United States and/or its agency. The IRS, which has a lien interest on the subject property, has not sought to remove the case and Howard may not do so on its behalf.